## DININNY v. MYERS.

### (District Court, S. D. New York. April 27, 1895.)

MARINE INSURANCE—COLLISION—DAMAGES—ABANDONMENT — TITLE — BILL OF SALE—DELIVERY IN ESCROW.

Upon a marine insurance of a yacht by a valued policy for $12,000, the libelant upon an abandonment by him to the insurers, sued as for a total loss, for alleged damages by collision exceeding $6,000; his title, and his right to abandon were denied. The evidence showed a sale to libelant by the former owner for $12,500, of which $5,000 was paid down, and the rest in two notes, and that the bill of sale was delivered to a trustee upon a contract that if either of the notes should not be paid, the money paid should be forfeited, and the yacht, and the bill of sale returned; and the former owner agreed to deliver the yacht seven days after the contract "in perfect order ready for use." The yacht was delivered to the libelant, but not in good order; the first note was paid; the former owner refused to make compensation for the bad condition of the yacht, and before the second note became due sold and indorsed the note "without recourse" to a bona fide purchaser who had no knowledge of the above dealings. *Held* (1) that the trustee was not a trustee of the title, but of the bill of sale only, for the former owner's benefit; (2) that the latter could not have enforced forfeiture, except on nonpayment after he had made compensation for his own default; (3) that by the sale "without recourse," and without reference to the contract, he had waived all further interest in the contract and its conditions; (4) that the libelant was sole owner at the time of the loss, and that the abandonment by him was valid and timely.

This was a libel by Ferral C. Dininny, Jr., against Charles Myers, to recover under a contract of marine insurance as for a total loss upon an abandonment.

Benedict & Benedict, for libelant.

George A. Black, for respondent.

BROWN, District Judge. The general principles contended for by the respondent are undoubted. But they seem to me not properly applicable to the present case. The libelant cannot, indeed, recover for a total loss of his yacht as against the insurers, except upon abandonment; nor can he abandon unless he has such title as authorizes him to abandon.

On the 3d of May previous to the accident he had made a contract for the purchase of the yacht from Mr. Loring for the price of $12,250, of which $5,000 was paid down, and the balance was to be paid in two notes, one dated on May 20, 1894, and the other August 20, 1894, the last for $2,000; and the contract provided that in case of failure in payment of either of these notes the amount or amounts already paid were to be forfeited, and the yacht to be immediately returned to said owner. The owner also agreed to deliver the yacht on the 10th of May following "in perfect order ready for use."

The contract further provided that the bill of sale of the yacht was to be delivered to Thomas Manning, yacht broker, and held by him "in trust until the final payment shall be made, and shall then be delivered to said purchaser, and in case of default in said payment as above mentioned, said bill of sale is then to be returned to said owner and shall be null and void."

The proof shows that the $5,000 was paid down in cash; the two notes given; the bill of sale delivered to Mr. Manning; the note due on the 20th of May paid; the yacht delivered to the libelant May 10th, and in his sole possession thereafter; but that the seller did not put the yacht in "perfect order ready for use" as agreed, and that the libelant had expended a considerable sum in making good that breach of the contract; that the seller had paid no attention to the libelant's demand for compensation for these expenditures, but on the 21st of May had sold and indorsed the note due on August 20th "without recourse"; and that the purchaser of the note had no knowledge of the bill of sale, or that the note was given for the yacht, or had any connection with the yacht; and that no reference was made to either in the sale of the note.

Upon these facts, I am of the opinion that Manning was not a trustee of the yacht, or of the title to the yacht; but was merely a trustee of the possession of the bill of sale for the benefit of Loring the seller, in case he should wish to call for the return of the bill of sale, upon default of payment; that Loring being himself in prior default in the performance of the agreement on his part, in not putting the yacht "in perfect order ready for use," could not, in equity, recall the bill of sale from Manning, or annul it, until some default by the libelant after Loring had made good, or offered to make good, the expenditure which his default had occasioned the libelant; that the right to recall or annul the bill of sale was not a right inseparably attached to the note, but a personal right belonging to the seller, which he could waive or extinguish at his option, and that his sale of the note, without recourse, and without any reference to the bill of sale after his neglect to put the boat in order, or make any compensation therefor, is sufficient evidence of such an intended waiver and extinguishment, and that no interest in the yacht, or in the bill of sale, and no right to demand the bill of sale from Manning passed to the purchaser of the note; and that no interest in the contract, or in the yacht thereafter, remained to Loring, such interest having wholly ceased upon the sale of the note without recourse.

The dealings between the libelant and the insurers subsequent to the accident, seems to me to show a sufficient and timely abandonment, and sufficient proof of loss; and that any technical objections or defects in either that might possibly have existed, were waived by the insurers. Steinbach v. Insurance Co., 2 Caines, 129, 132; Bradlie v. Insurance Co., 12 Pet. 397.

In the conflict concerning the amount of the loss, the case should be sent to a commissioner to ascertain and report whether the loss exceeded the sum of $6,000, so as to entitle the libelant to payment in full as upon a constructive total loss, the libel being sufficient, as it seems to me, in that regard.